NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4313-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DAVID FERNANDEZ,

 Defendant-Appellant.
___________________________

 Submitted May 17, 2017 – Decided July 7, 2017

 Before Judges Simonelli and Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 08-09-2742.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Steven M. Gilson, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Kayla
 Elizabeth Rowe, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).
PER CURIAM

 Defendant David Fernandez appeals from the April 11, 2016 Law

Division order, which denied his motion for post-conviction relief

(PCR) without an evidentiary hearing. We affirm.

 Following a jury trial, defendant was convicted of first-

degree attempted murder of Mr. Ocasio,1 N.J.S.A. 2C:5-1 and

N.J.S.A. 2C:11-3 (count one); first-degree murder of Jose Rivera,

N.J.S.A. 2C:11-3(a)(1) and (2) (count two); third-degree

possession of a weapon without a permit, N.J.S.A. 2C:39-5(b) (count

three); and second-degree possession of a weapon for an unlawful

purpose, N.J.S.A. 2C:39-4(a) (count four). Defendant's sole

theory was that he acted in self-defense and in defense of a

friend.

 Defendant filed a motion for a new trial, arguing, in part,

that trial counsel rendered ineffective assistance by failing to

ensure his participation in sidebar conferences. The trial judge

denied the motion, finding defendant utilized a wireless listening

device that allowed him to listen to all sidebar conferences from

the voir dire process through the verdict. The judge found that

all in-court conferences occurred in defendant's presence and

within his hearing range, and if he did not hear what was said,

1
 The court elected to use only Ocasio's last name to provide
some privacy to the victim.

 2 A-4313-15T1
he had ample opportunity to ask trial counsel to relay the

substance of the conferences to him.

 At sentencing, after merging count four into count two, the

judge sentenced defendant as follows: a thirty-year term of

imprisonment on count two with a thirty-year period of parole

ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A.

2C:43-7.2, on count two; a consecutive ten-year term of

imprisonment subject to NERA on count one; and a concurrent three-

year term of imprisonment with a one-year period of parole

ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6, on

count three.

 Defendant appealed his conviction and sentence. He argued,

in part, that the trial court should have sua sponte declared a

mistrial due to the misconduct of Juror No. 2 during voir dire

and deliberations. He also argued that his exclusion from sidebar

conferences and trial counsel's failure to confer with him about

sidebar conferences mandated reversal. He further argued that

trial counsel rendered ineffective assistance by failing to confer

with him about sidebar conferences and seek a full voir dire of

the jury and a mistrial based on Juror No. 2's misconduct.

 We affirmed defendant's conviction and sentence. State v.

Fernandez, No. A-0573-11 (App. Div. Aug. 8, 2014). Regarding

 3 A-4313-15T1
Juror No. 2's alleged misconduct during voir dire, we found as

follows, in pertinent part:

 Despite the presumption that a juror's
 omission of information during voir dire is
 prejudicial, a defendant is required "to
 demonstrate that, had he or she known of the
 omitted information, he or she would have
 exercised a peremptory challenge to exclude
 the juror." State v. Cooper, 151 N.J. 326,
 349, (1997), cert. denied, 528 U.S. 1084, 120
 S. Ct. 809, 145 L. Ed. 2d 681 (2000). . . .

 Other than [defendant's] bald assertions
 that "there is no question that he would have
 excluded" Juror No. 2, defendant made no
 affirmative showing that he would have
 challenged her for cause or through a
 peremptory challenge. In fact, the record
 supports the opposition conclusion. During
 jury selection and jury deliberations, the
 juror clearly expressed views favorable to
 defendant, and even after learning of the
 omission, defendant did not request the
 juror's removal or a mistrial. In addition,
 defendant did not challenge three other
 empaneled jurors who had revealed during jury
 selection that they were victims of violent
 crimes, or had family members who were victims
 of violent crimes or accused of crimes. We,
 thus, conclude that no error occurred with
 respect to Juror No. 2.

 [Id. (slip op. at 15-16).]

Regarding Juror No. 2's alleged misconduct during deliberations,

we found as follows, in pertinent part:

 The judge found that Juror No. 2 did not
 express any bias or prejudice against
 defendant [during deliberations] but merely
 expressed her general observations based on

 4 A-4313-15T1
 her own experiences. We find no fault with
 the judge's determination.

 . . . .

 In compliance with [State v. R.D., 169
 N.J. 551, 557 (2001)], as explained in Rule
 1:16-1, the judge questioned Juror No. 2 to
 determine if there was taint and correctly
 determined she had not been exposed to
 extraneous information or outside influence
 that could have possibly impinged on her
 impartiality. We are satisfied that Juror No.
 2 did not prematurely form an unalterable
 opinion of the defendant's guilt, nor was she
 swayed by any outside influences prejudicial
 to defendant. To the contrary, the juror
 clearly expressed views favorable to
 defendant, including the view she expressed
 to her fellow jurors during deliberations that
 they must put aside personal experiences, be
 objective and reasonable, and consider all the
 evidence.

 [Id. (slip op. at 11, 14).]

We determined there was no reason to voir dire the other jurors

or declare a mistrial. Ibid.

 We declined to consider defendant's ineffective assistance

of counsel arguments, preserving them for a PCR petition. Id.

(slip op. at 4) (citing State v. Castagna, 187 N.J. 293, 313

(2006)). However, we considered his argument that his exclusion

from sidebar conferences mandated reversal in light of the record

and applicable legal principles and concluded it was without

sufficient merit warrant discussion in a written opinion. Id.

 5 A-4313-15T1
(slip op. at 19-20) (citing R. 2:11-30(e)(2)). We added the

following comments:

 Defendant did not affirmatively request
 the right to participate in voir dire sidebar
 conferences. To the contrary, he specifically
 waived his right to personally participate in
 those conferences. Because the right to be
 present is waivable, defendant was not
 deprived of a fair trial as a result of his
 absences from the voir dire sidebar
 conferences. In addition, there is nothing
 in the record indicating that defendant did
 not knowingly and intelligently waive
 participation in sidebar proceedings. There
 were numerous sidebar conferences throughout
 the fifteen-day trial, and defendant never
 personally objected or requested to be present
 at them. Accordingly, defendant's exclusion
 from sidebar conferences does not mandate
 reversal of his convictions.

 [Id. (slip op. at 20.]

Our Supreme Court denied certification. State v. Fernandez,

certif. denied, 220 N.J. 572 (2015).

 Defendant thereafter filed a PCR petition, arguing that trial

counsel rendered ineffective assistance by failing to: (1)

investigate and obtain exculpatory witnesses in support of his

self-defense theory; (2) inform him after his conviction about

Juror No. 2's misconduct during voir dire and deliberations; (3)

confer with him about sidebar conferences; (4) seek a voir dire

of the other deliberating jurors or a mistrial; and (5) convey the

State's plea offer.

 6 A-4313-15T1
 In an oral opinion, the PCR judge denied the petition without

an evidentiary hearing. The PCR judge found, incorrectly, that

defendant's claims were procedurally barred by Rule 3:22-12(a)(1)

and Rule 3:22-5. However, as the State concedes, defendant timely

filed his PCR petition. In addition, we did not determine

defendant's ineffective assistance of counsel claim on the merits

in the prior appeal. See State v. McQuaid, 147 N.J. 464, 484

(1997) (barring re-litigation of an issue that was determined on

the merits in a prior appeal). Rather, we preserved that claim

for a PCR petition.

 The PCR judge also found defendant's claim that trial counsel

failed to confer with him about sidebar conferences was

procedurally barred by Rule 3:22-4(a)(1), as the trial judge

decided this issue on the merits following defendant's motion for

a new trial.

 Addressing the merits of defendant's claims, the PCR judge

found defendant did not assert any specific facts regarding whom

he would have called, what they would have offered, or whether he

asked trial counsel to call witnesses and counsel refused. The

PCR judge also found defendant failed to provide certifications

from any witnesses, or a certification from trial counsel that he

had identified and sought to include exculpatory witnesses at

trial. The PCR judge concluded that without any material support,

 7 A-4313-15T1
defendant's claim that counsel failed to obtain exculpatory

witnesses was too vague, conclusory, or speculative to warrant a

hearing.

 The PCR judge determined that defendant's physical presence

at sidebar conferences was not an absolute requirement, and

defendant utilized a wireless listening device that allowed him

to listen to all sidebar conferences from the voir dire process

through the verdict. The PCR judge found that all in-court

conferences occurred in defendant's presence and within his

hearing range, and defendant did not complain he could not hear

the conferences. The PCR judge concluded that defendant was

provided the proper means of assessing the sidebar conferences and

had ample opportunity to be present at those conferences.

 The PCR judge relied primarily on our findings in addressing

defendant's claims that trial counsel failed to inform him after

his conviction about Juror No. 2's misconduct during voir dire and

deliberations and seek a voir dire of the other deliberating jurors

or a mistrial. The PCR judge made no specific findings on

defendant's claim that trial counsel failed to convey the State's

plea offer. The PCR judge memorialized her decision in an April

11, 2016 order.

 On appeal, defendant raises the following contentions:

 8 A-4313-15T1
 POINT I DEFENDANT'S PCR PETITION SHOULD NOT HAVE
 BEEN PROCEDURALLY BARRED. (26T 11-10 to
 13-2).

 POINT II THIS MATTER MUST BE REMANDED FOR AN
 EVIDENTIARY HEARING BECAUSE DEFENDANT
 ESTABLISHED A PRIMA FACIE CASE OF TRIAL
 COUNSEL'S INEFFECTIVENESS.

 A. Trial Counsel Failed To Conduct
 An Adequate Investigation,
 Including Obtaining Exculpatory
 Witnesses.

 B. Trial Counsel Failed To Convey
 The State's Plea Offer To
 Defendant.

 C. Trial Counsel Failed To Confer
 With Defendant About The
 Sidebars, Seek Full Voir Dire,
 Or Move For A Mistrial.

 We review a judge's decision to deny a PCR petition without

an evidentiary hearing for abuse of discretion. State v. Preciose,

129 N.J. 451, 462 (1992). We discern no abuse of discretion here.

 The mere raising of a claim for PCR does not entitle the

defendant to an evidentiary hearing. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Rather, trial courts should grant evidentiary hearings and make a

determination on the merits only if the defendant has presented a

prima facie claim of ineffective assistance, material issues of

disputed fact lie outside the record, and resolution of the issues

necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J.

 9 A-4313-15T1
343, 355 (2013). To establish a prima facie claim of ineffective

assistance of counsel, the defendant

 must satisfy two prongs. First, he must
 demonstrate that counsel made errors so
 serious that counsel was not functioning as
 the counsel guaranteed the defendant by the
 Sixth Amendment. An attorney's representation
 is deficient when it [falls] below an
 objective standard of reasonableness.

 Second, a defendant must show that the
 deficient performance prejudiced the defense.
 A defendant will be prejudiced when counsel's
 errors are sufficiently serious to deny him a
 fair trial. The prejudice standard is met if
 there is a reasonable probability that, but
 for counsel's unprofessional errors, the
 result of the proceeding would have been
 different. A reasonable probability simply
 means a probability sufficient to undermine
 confidence in the outcome of the proceeding.

 [State v. O'Neil, 219 N.J. 598, 611 (2014)
 (citations omitted).]

 "[I]n order to establish a prima facie claim, [the defendant]

must do more than make bald assertions that he was denied the

effective assistance of counsel. He must allege facts sufficient

to demonstrate counsel's alleged substandard performance."

Cummings, supra, 321 N.J. Super. at 170. The defendant must

establish, by a preponderance of the credible evidence, that he

is entitled to the requested relief. State v. Nash, 212 N.J. 518,

541 (2013). "[W]hen a [defendant] claims his trial attorney

inadequately investigated his case, he must assert the facts that

 10 A-4313-15T1
an investigation would have revealed, supported by affidavits or

certifications based upon the personal knowledge of the affiant

or the person making the certification." Porter, supra, 216 N.J.

at 353 (quoting Cummings, supra, 321 N.J. Super. at 170).

 While, arguably, defendant's claim that trial counsel

rendered ineffective assistance by failing to confer with him

about sidebar conferences is barred by Rule 3:22-4(a)(1), the

claim nonetheless lacks merit, as do defendant's other ineffective

assistance of counsel claims. We determined in defendant's prior

appeal there was no error regarding Juror No. 2's alleged

misconduct and no reason to voir dire the other jurors or declare

a mistrial. We also found no merit in defendant's argument that

his exclusion from sidebar conferences mandated reversal, and

commented that he specifically waived his right to personally

participate in those conferences. Thus, even if trial counsel's

performance was deficient, which it was not, defendant cannot

establish the deficient performance prejudiced his defense.

 In addition, defendant did not assert the facts which an

investigation of exculpatory witnesses would have revealed,

supported by affidavits or certifications based upon the personal

knowledge of the affiant. Defendant did not even name exculpatory

witness, let alone provide the required certifications or

affidavits or any information of what exculpatory evidence they

 11 A-4313-15T1
witnesses would provide. Lastly, defendant provided no evidence

whatsoever of a plea offer. Accordingly, because defendant failed

to present a prima facie claim of ineffective assistance of

counsel, the PCR judge properly denied his PCR petition without

evidentiary hearing.

 Affirmed.

 12 A-4313-15T1